UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**GLENDORA**,

                            Plaintiff,

  vs.                                                  1:07-CV-0940
                                                             (NAM)(RFT)

**ERIC W. PRESS**,

                            Defendant.
_____

APPEARANCES:

Glendora
Plaintiff *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION AND ORDER

**I.    Background**

Currently before the Court is a motion from plaintiff Glendora (1) objecting to the Order signed by Magistrate Judge Randolph F. Treece striking plaintiff's motion for default judgment (Dkt. No. 5 at 1-25); (2) objecting to the return of certain papers she submitted to the Clerk of the Court and seeking a refund of the filing fee (*id*. at 26-32) and (3) for reconsideration of this Court's Order dated October 9, 2007. *Id*. at 33-97. In addition to these requests, plaintiff has included in her submission what appear to be discovery requests, or notices to admit, addressed to Magistrate Judge Treece, the Clerk of the Court, and the undersigned. *See* Dkt. No. 5 at 3-11, 18-23, 25-29, 37-61, and 67-97.

Plaintiff commenced this action by filing a *pro se* Complaint against defendant Press, a City Court Judge in the City of White Plains, New York, regarding plaintiff's dissatisfaction with court proceedings presided over by Judge Press in August 2007. *See* Dkt. No. 1. In its October 9, 2007 Order, the Court found that:

> With respect to Eric Press, the law in this Circuit clearly provides that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.' " *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted).

Dkt. No. 3 at 2. Accordingly, Judge Press was dismissed as a party to this action. *Id*. at 3. In light of plaintiff's *pro se* status, and because it was unclear whether plaintiff was attempting to assert claims against other parties,[1] plaintiff was provided with an opportunity to submit an amended complaint to the Court. *Id*. After submitting her original complaint, plaintiff also submitted to the Court for filing a motion seeking default judgment against defendant Press. By Order of Magistrate Judge Randolph F. Treece filed on October 10, 2007, plaintiff's motion for default judgment was stricken from the docket as prematurely filed because defendant Press had yet to be served with the summons and complaint. Dkt. No. 4. Plaintiff has now submitted the present motion. Dkt. No. 5.

**II.     Discussion**

    **A.     Objection to Magistrate Judge Treece's Order**

Plaintiff objects to the Order of Magistrate Judge Treece filed on October 10, 2007, *see* Dkt. No. 4, which directed that plaintiff's motion for default judgment be stricken from the docket as premature. Dkt. No. 5 at 5-23. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(a) states:

> Within ten (10) days after being served with a copy of the magistrate judge's order [on a nondispositive issue], a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

---

[1] It appears that plaintiff does not intend to name any other defendants. *See* Dkt. No. 5 at 47.

2

The Court has reviewed the Order dated October 10, 2007, and finds that it is not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Plaintiff contends that her motion for a default judgment against defendant Press was not premature because she herself served defendant Press by first class mail on August 22, 2007, with a copy of her complaint and two copies of a waiver of service. Dkt. No. 5 at 18. Plaintiff's argument is wholly without merit. In the first instance, plaintiff's "service" was itself premature since plaintiff did not actually commence this action until September 9, 2007. Moreover, plaintiff does not allege that defendant Press actually **signed** and returned the waiver of service to plaintiff. While failure to sign and return a waiver of service may result in a defendant later incurring costs for personal service, such failure does not subject the recalcitrant defendant to the jurisdiction of the Court and does not constitute service. *See* Fed. R. Civ. P. 4(d)(2). In order to obtain jurisdiction over a defendant who has not signed a waiver of service, a plaintiff is required to actually serve the defendant **with a summons and complaint**; something that plaintiff in this case did not do. *See* Fed. R. Civ. P. 4.

Besides objecting to the terms of Magistrate Judge Treece's Order itself, plaintiff seems to object to Magistrate Judge Treece's jurisdiction to take action in this case. Plaintiff challenges Judge Treece's jurisdiction on the basis that she did not consent in writing to having a magistrate judge act in her case. Plaintiff's argument is misplaced. While it is true that a magistrate judge has no authority to deal with dispositive matters in an action unless all of the parties to the action consent to such jurisdiction in writing, *see* 28 U.S.C.§ 636(c), the same does not hold true as to non-dispositive matters. 28 U.S.C. § 636(b)(1)(A) states that, with certain exceptions not relevant to the present discussion, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . ." Accordingly, Magistrate Judge Treece, as the magistrate judge assigned to this case, had full authority to

3

issue the Order striking plaintiff's premature motion for default judgment.

Accordingly, plaintiff's objections to the Order dated October 10, 2007, are denied and the Order is affirmed.

### B.     Objection to action by the Clerk and request for refund of filing fee

Upon filing her complaint, plaintiff paid the statutory filing fee for this action. Plaintiff now seeks a refund of the filing fee. Dkt. No. 5 at 31. Plaintiff requests the refund because, among other things, she feels that the Clerk of the Court improperly returned papers to her which she wished to have filed in her action.[2] *See id.* at 26-27. Plaintiff contends that this action resulted in a "consumer fraud" and "false advertising" because "you [the court] are advertised as a 'court' (you are not) and [the clerk] as a 'clerk' (you are not) and as giving justice (you have not)." *Id.* at 31.

In the first instance, the papers which were previously returned to plaintiff, which were captioned for Supreme Court, Westchester County, were understandably and properly returned to the plaintiff as a courtesy since it appeared that plaintiff had mis-directed them. Plaintiff has now returned the papers to the Court and has clearly evinced her intent that they be filed as papers in support of her action. Dkt. No. 5 at 26. The Clerk has now filed the papers as supplemental papers in support of plaintiff's action.

Turning to plaintiff's request for a refund of the filing fee, there is no basis upon which the Court can reasonably conclude that plaintiff is entitled to a refund of her filing fee. *See, e.g. Goins v. DeCaro*, 241 F. 3d 260, 261 (2d Cir. 2001) ("fee paying litigants have no opportunity to obtain a refund of their

---

[2] Plaintiff also complains that her case was assigned to the undersigned, whose chambers are located in Syracuse, New York. Plaintiff says that she "did not file her case in Syracuse. She filed her case in Albany. She did not give [the Clerk] jurisdiction to move it to Syracuse. She has the right to chart her own litigation." Dkt. No. 5 at 29. Plaintiff is advised that cases filed in the Northern District of New York are randomly assigned to a District Judge and a Magistrate Judge. All of the judges in the Northern District of New York have jurisdiction to hear cases anywhere within the District.

filing fees in the event that they withdraw their appeals"); *Lucien v. DeTalla*, 141 F.3d 773, 775 (7th Cir. 1998) ("Filing fees are part of the costs of litigation"); *Bell v. Clark*, 194 F.3d 781, 782 (7th Cir. 1999) ("no refund of filing fee just because an appellant, petitioner, or other seeker of judicial review is dissatisfied with the outcome of his quest."); *Bresette v. Buffalo-Reyes*, No. 06-C-338-C, 2006 WL 3017256, at *1 (W.D.Wis. Aug. 7, 2006) ("There is no provision in the Federal Rules of Civil Procedure or in any statute enacted by Congress that authorizes a district court to refund a filing fee in instances where the case is closed following a ruling by the judge.")(citing *Bell*, 194 F.3d at 782)).  Accordingly, plaintiff's request that the filing fee be refunded is denied.

     **C.**    **Motion for reconsideration**

Plaintiff has also moved for reconsideration of this Court's Order dated October 9, 2007, which dismissed defendant Press and granted plaintiff permission to submit an amended complaint should she wish to proceed with this action.  Dkt. No. 5 at 33-97.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court."  *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257).  In other words, "[a] motion for reconsideration is not

5

to be used as a means to reargue matters already argued and disposed of by prior rulings or to put forward additional arguments that a party could have made but neglected to make before judgment." *Brown v. Middaugh*, No. 96-CV-1097, 1999 WL 242662, *1 (N.D.N.Y. Apr. 21, 1999) (citation omitted).

Plaintiff has not indicated upon which justification she bases her motion for reconsideration. However, because plaintiff rehashes her previous arguments against Judge Press and does not suggest either that there has been an intervening change in the controlling law or that she has discovered new evidence, the Court assumes that plaintiff seeks to argue that reconsideration is necessary to remedy a clear error or law or to prevent manifest injustice. Based upon the Court's review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice on plaintiff. Accordingly, the Court denies plaintiff's motion for reconsideration of the Order dated October 9, 2007.

**D.     Notices to admit**

With respect to plaintiff's questions directed to Magistrate Judge Treece, the Clerk of the Court, and the undersigned, the requests are wholly improper. None of the aforesaid parties are defendants to this lawsuit and are therefore not subject to discovery.

**E.     Amended complaint**

By this Court's Order dated October 9, 2007, plaintiff was given permission to submit an amended complaint within thirty days of the filing date of that Order. Plaintiff's time to submit an amended complaint will expire on November 8, 2007. In light of plaintiff's *pro se* status, the Court will grant plaintiff an extension of time until **December 10, 2007**, to submit an amended complaint if she wishes to do so. **Failure of plaintiff to submit an amended complaint by December 10, 2007, will**

**result in dismissal of this action without further order of this Court.**

In the event that plaintiff does submit an amended complaint, plaintiff is advised that the amended complaint **must comply with the Local Rules of Practice of the Northern District of New York, including Rule 10.1(a) which requires that all papers submitted to the Court be "single sided and double-spaced."** Rule 10.1(a) also states that "[d]ocuments that do not comply with [its] requirements may be rejected upon order of the Court."

WHEREFORE, after reviewing plaintiff's submissions and the applicable law, and for the reasons stated herein, it is hereby

ORDERED that plaintiff's objections to Magistrate Judge Treece's Order dated October 10, 2007, are **DENIED** and the Order dated October 10, 2007, is **AFFIRMED**, and it is further

ORDERED that plaintiff's request for a refund of the filing fee for this action is **DENIED**; and it is further

ORDERED that plaintiff's motion for reconsideration of the Order dated October 9, 2007, is **DENIED**, and it is further

ORDERED that plaintiff may file an amended complaint, if any, **on or before December 10, 2007**, and it is further

ORDERED that if plaintiff fails to file an amended complaint on or before December 10, 2007, the Clerk is directed to enter judgment dismissing this action **without further order of the Court**, and it is further

ORDERED that, in view of this Court's findings on the insufficiency and/or deficiency of the complaint herein, plaintiff is directed *not* to file any other motion until an amended complaint is submitted to the Court and approved for filing, and it is further

ORDERED, that upon full compliance by plaintiff with this Order as directed above, the file in this matter be returned to the Court for further review, and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: November 2, 2007

Norman A. Mordue
Chief United States District Court Judge