UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GLENDORA,
                              Plaintiff,
          vs.                                              1:07-CV-0940
                                                           (NAM)(RFT)
ERIC W. PRESS,
                              Defendant.
_____


APPEARANCES:

Glendora
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

                      <u>**DECISION AND ORDER**</u>

          Plaintiff commenced this action by filing a *pro se* Complaint against defendant Press, a City Court

Judge in the City of White Plains, New York, regarding her dissatisfaction with court proceedings presided

over by Judge Press in August 2007.  *(See* Dkt. No. 1).  In its October 9, 2007 order, the Court found that:

> With respect to Eric Press, the law in this Circuit clearly provides that "[j]udges enjoy
> ***absolute immunity*** from personal liability for 'acts committed within their judicial
> jurisdiction.' " *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting
> *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however
> erroneous the act may have been, and however injurious in its consequences it may have
> proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted).

Dkt. No. 3 at 2.  Accordingly, Judge Press was dismissed as a party to this action.  *Id*. at 3.  In light of

plaintiff's *pro se* status, and because it was unclear whether plaintiff was attempting to assert claims against

other parties, plaintiff was provided with an opportunity to submit an amended complaint to the Court.  *Id*.

After submitting her original complaint, plaintiff also submitted to the Court for filing a motion seeking

default judgment against defendant Press. (Dkt. No. 2)  By Order of Magistrate Judge Randolph F. Treece

filed on October 10, 2007, plaintiff's motion for default judgment was stricken from the docket as prematurely filed because defendant Press had yet to be served with the summons and complaint. (Dkt. No. 4).  On October 31, 2007, plaintiff submitted a motion (1) objecting to the order signed by Magistrate Judge Randolph F. Treece striking plaintiff's motion for default judgment (Dkt. No. 5 at 1-25); (2) objecting to the return of certain papers she submitted to the Clerk of the Court and seeking a refund of the filing fee (*id*. at 26-32) and (3) for reconsideration of this Court's October 9, 2007 Order (*Id*. at 33-97).  In addition to these requests, plaintiff included in her submission what appeared to be discovery requests, or notices to admit, addressed to Magistrate Judge Treece, the Clerk of the Court, and the undersigned.  (*See* Dkt. No. 5 at 3-11, 18-23, 25-29, 37-61, and 67-97).  By order filed on November 2, 2007, the Court affirmed Magistrate Judge Treece's October 10, 2007 order and denied plaintiff's remaining motions.  (Dkt. No. 7). On November 20, 2007, plaintiff filed a Notice of Appeal to the Second Circuit Court of Appeals from this Court's November 2, 2007 order.  (Dkt. No. 11).  By Order and Mandate of the Second Circuit issued on January 24, 2008, and filed in this Court on February 1, 2008, the Second Circuit dismissed plaintiff's appeal. (Dkt. No. 14).  In its Order and Mandate, the Second Circuit stated as follows:

> **THE COURT NOTING** that having sent a letter on November 28, 2007 in **07-5259-mv**, Glendora V. Press, that Glendora shall be required to petition the Court for leave to appeal prior to filing any future appeals,

> **THE COURT FURTHER NOTING** that having failed to receive a motion for leave to appeal would result as a dismissal in this present matter,

> **IT IS HEREBY ORDERED** that the above captioned case is dismissed for failure to comply with this Court's order.

Dkt. No. 14.

After plaintiff's appeal was dismissed, by order filed February 11, 2008, the Court granted plaintiff an extension of time until March 17, 2008, to submit an amended complaint in accordance with the October

2

9, 2007 order of this Court. **Plaintiff was advised that failure to submit an amended complaint by March 17, 2008, may result in dismissal of this action, with prejudice.**

To date, plaintiff has not submitted an amended complaint, nor has she requested an additional extension of time to do so.  Instead, plaintiff has submitted for filing two copies of this Court's February 11, 2008 order, containing plaintiff's reflections regarding the content of that order and plaintiff's disagreement with various parts of the order.  *(See* Dkt. Nos. 16 and 17).  Plaintiff has failed to file an amended complaint, and the only defendant named in her original complaint - namely a city court judge - is absolutely immune from liability under 42 U.S.C. § 1983; accordingly, this action is **dismissed with prejudice**.

WHEREFORE, it is hereby

ORDERED that, for the reasons set forth above, this action is **dismissed with prejudice**, and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: April 2, 2008

Norman A. Mordue
Chief United States District Court Judge

3